UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

EDWIN WILLIAMS, on behalf of himself and
all others similarly situated,

                Plaintiff,

           v.

FLOWERS FOODS, INC., FLOWERS BAKERIES,
LLC., DAVE'S KILLER BREAD, INC., and SIMPLE
MILLS, INC.,

                Defendant.
-----------------------------------------------------------------

Docket No.

**CLASS ACTION
COMPLAINT &
DEMAND FOR
JURY TRIAL**

      Plaintiff,  EDWIN WILLIAMS**,** ("Plaintiff' or "Mr. Williams"), on behalf of himself and

all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned counsel,

JOSEPH & NORINSBERG, LLC, as and for their putative class action complaint upon Defendant,

FLOWERS FOODS, INC., FLOWERS BAKERIES, LLC., DAVE'S KILLER BREAD, INC.,

and SIMPLE MILLS, INC. ("Flower's Foods" or "Defendant"), hereby alleges as follows:

## **INTRODUCTION**

      1.    Plaintiff Edwin Williams ("Plaintiff" or "Mr. Williams") is a legally blind

individual whose central visual acuity with correction is less than or equal to 20/200, as

documented in Exhibit A – Medical Diagnosis of Best Disease (Vitelliform Macular Dystrophy),

dated March 4, 2025. Mr. Williams relies on screen-reading software, magnification tools, and

keyboard-based navigation to access digital content and independently engage in online

commerce. Despite his visual impairment, Mr. Williams regularly shops online for groceries,

1

baked goods, snacks, and household items, and he depends on accessible websites to make informed purchasing decisions. He uses the terms "blind" and "visually impaired" interchangeably to describe his condition.

2.    Plaintiff brings this action against Flowers Foods, Inc., Flowers Bakeries, LLC, Dave's Killer Bread, Inc., and Simple Mills, Inc. (collectively, "Defendants") for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. Defendants own, operate, and control the public-facing websites www.daveskillerbread.com and www.simplemills.com (the "Websites"), which serve as nationwide digital gateways for product information, nutritional content, store locators, promotional materials, and brand-specific consumer engagement. Plaintiff attempted to access these Websites to obtain product details and locate items for purchase but was prevented from doing so due to pervasive accessibility barriers.

3.    On multiple occasions in November 2025, Plaintiff attempted to navigate both Websites using NVDA screen-reading software. He encountered widespread accessibility failures documented through SortSite audits, including: missing alternative text, inaccessible images, unlabeled buttons, broken ARIA attributes, keyboard traps, improper heading structures, inaccessible forms, and hundreds of broken links. The Dave's Killer Bread Website alone contained 296 pages with accessibility errors, while the Simple Mills Website contained 233 pages with accessibility problems. These barriers violate the Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA, the widely accepted standard for digital accessibility under the ADA.

4.    Plaintiff brings this civil action because Defendants have failed to design, construct, maintain, and operate their Websites in a manner that is fully accessible to and independently usable by blind and visually impaired individuals. Defendants' denial of full and

2

equal access to www.daveskillerbread.com and www.simplemills.com— and therefore to the goods, services, and information offered through those Websites—constitutes unlawful discrimination under the ADA.

5.    According to the U.S. Census Bureau, approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind. The American Foundation for the Blind estimates that approximately 400,000 visually impaired individuals reside in New York State. These individuals rely on accessible digital interfaces to participate in modern commerce.

6.    Congress has issued a clear national mandate to eliminate discrimination against individuals with disabilities. This includes barriers to full integration, independent living, and equal opportunity—barriers perpetuated by websites and other public accommodations that remain inaccessible to blind and visually impaired persons. New York State and New York City law similarly require places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

7.    Despite their national footprint, substantial revenue, and sophisticated digital infrastructure, Defendants have failed to implement WCAG-compliant accessibility features across their Websites. The SortSite audits conducted by Plaintiff's counsel confirm persistent, systemic violations, including missing alt text, inaccessible images, unlabeled form fields, broken ARIA roles, non-semantic markup, and hundreds of broken links. Defendants' failure to remediate these issues—despite clear federal guidance and ample opportunity—reflects a knowing and ongoing disregard for the rights of individuals with disabilities.

8.    Plaintiff specifically sought out Defendants' Websites because he purchases baked

goods, snacks, and specialty food items for himself and his family. He attempted to browse product descriptions, review nutritional information, locate nearby retailers, and evaluate new items. However, unless Defendants remediate the numerous access barriers, Plaintiff will continue to be unable to independently navigate, browse, or use the Websites. Defendants' denial of equal access constitutes unlawful discrimination under the ADA.

9.    Plaintiff seeks a permanent injunction requiring Defendants to revise their corporate policies, practices, and procedures to ensure that their Websites become and remain fully accessible to blind and visually impaired users. Such relief is necessary to guarantee equal participation in the digital marketplace and to prevent Defendants from continuing to exclude individuals with disabilities from their online services.

## JURISDICTION AND VENUE

10.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12182 because Plaintiff's claims arise under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 et seq.

11.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, including those under the New York State Human Rights Law, Article 15 (Executive Law § 290 et seq.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 et seq., ("NYCHRL") and § 296 et seq.; and the New York State Civil Rights Law, Article 4, §§ 40-c and 40-d ("NYCRL").

12.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendants conduct substantial, continuous, and systematic business within this District through

4

their highly interactive, consumer-facing Websites, www.daveskillerbread.com and www.simplemills.com. Plaintiff accessed and attempted to use these Websites from his residence in New York County, which lies within the Southern District of New York. A significant port s to Defendants' online goods, services, and product information—occurred within this District.

13.    Courts routinely support venue placement in the district where the plaintiff attempted and failed to access the public accommodation. See, *Chloe NA v. Queen Bee of Beverly Hills, LLC.*, 616 F.3d 158 (2d Cir. 2010); *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018); *Andrews v. Blick Art Materials, LLC.*, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); see also *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021). In *Access Now, Inc. v. Otter Products, LLC*, 280 F. Supp. 3d 287 (D. Mass. 2017), Judge Patti B. Saris held that "although the website may have been created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim." Id. at 294. This satisfies Due Process because the harm—the barred access—occurred within the forum. Id. at 293. Here, Plaintiff's attempts to access Defendant's websites from New York County, establish venue in this District.

14.    Similarly, in Access Now, Inc. v. Sportswear, Inc., No. 17-cv-11211-NMG, 2018 U.S. Dist. LEXIS 47318 (D. Mass. Mar. 22, 2018), the court held that a defendant "availed itself of the forum state's economic activities by targeting the residents of the Commonwealth … Such targeting evinces a voluntary attempt to appeal to the customer base in the forum." Id. at *11. Defendants here have availed themselves of New York's economic activities by intentionally marketing and selling their products to New York consumers through their Websites, which are designed to serve a nationwide customer base, including residents of this District.

15.     Accordingly, jurisdiction and venue are proper in this District because Plaintiff resides here, Defendant conducts business here through both its website and its New York retail store, and the discriminatory conduct occurred here.

**THE PARTIES**

16.     Plaintiff, EDWIN WILLIAMS, is and was at all relevant times a resident of New York County, New York.

17.     Plaintiff is legally blind and visually impaired, qualifying as an individual with a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., the New York State Human Rights Law, and the New York City Human Rights Law ("NYCHRL"). As documented in Exhibit A, Mr. Williams has been diagnosed with Best Disease (Vitelliform Macular Dystrophy), resulting in best-corrected visual acuity of 20/200 in his right eye and 20/160 in his left eye, significant central field loss, and reduced contrast sensitivity. His condition meets the federal and state definitions of legal blindness. Plaintiff is unable to read printed materials or visually interpret digital interfaces and relies exclusively on screen-reading software, including NonVisual Desktop Access ("NVDA"), magnification tools, and keyboard-based navigation to access online content. He has completed formal orientation and mobility training and remains highly motivated to maintain independence through assistive technology.

18.     Upon information and belief, Defendant **FLOWERS FOODS, INC.** is a Georgia corporation with its principal place of business located at 1919 Flowers Circle, Thomasville, Georgia 31757. Flowers Foods is one of the largest producers of packaged bakery foods in the United States and owns numerous national brands, including Dave's Killer Bread and Simple

Mills. Flowers Foods exercises ownership, control, and oversight over the digital infrastructure, branding, marketing, and online consumer-facing operations of its subsidiary brands.

19.     Upon information and belief, Defendant, FLOWERS BAKERIES, LLC is a subsidiary of Flowers Foods, Inc., organized under the laws of Georgia, and maintains operational control over various Flowers Foods manufacturing, distribution, and brand-support functions. Flowers Bakeries participates in the development, maintenance, and operation of the consumer-facing websites for Flowers Foods' brands, including www.daveskillerbread.com and www.simplemills.com, amongst numerous others.

20.     Upon information and belief, Defendant **DAVE'S KILLER BREAD, INC.** is a corporate entity within the Flowers Foods family responsible for the branding, marketing, and consumer-facing digital presence of the Dave's Killer Bread product line. Defendant owns, operates, and/or controls the public-facing website www.daveskillerbread.com, which provides nationwide access to product information, nutritional content, promotional materials, store locators, and related consumer services.

21.     Upon information and belief, Defendant **SIMPLE MILLS, INC.** is a corporate entity acquired by Flowers Foods and responsible for the branding, marketing, and digital operations of the Simple Mills product line. Defendant owns, operates, and/or controls the public-facing website www.simplemills.com, which provides nationwide access to product information, nutritional content, recipes, store locators, and related consumer services.

22.     Defendants collectively design, code, maintain, and operate the Websites at issue, which serve as digital gateways to their nationwide commercial operations. Defendants exercise exclusive control over the Websites' structure, content, navigation, coding, and accessibility

7

features. Despite their national footprint, substantial revenue, and sophisticated digital infrastructure, Defendants have failed to ensure that their Websites comply with the Web Content Accessibility Guidelines ("WCAG") 2.1 Level AA, resulting in pervasive accessibility barriers that deny blind and visually impaired consumers—including Plaintiff—full and equal access to their goods, services, and information.

## STATEMENT OF FACTS

23.    Plaintiff **Edwin Williams** is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)–(2), and the regulations implementing the ADA at 28 C.F.R. §§ 36.101 et seq., as well as the NYSHRL and NYCHRL. As documented in Exhibit A, Mr. Williams has been diagnosed with Best Disease (Vitelliform Macular Dystrophy), resulting in best-corrected visual acuity of 20/200 in his right eye and 20/160 in his left eye, significant central field loss, and reduced contrast sensitivity. His condition meets the federal and state definitions of legal blindness. To access the Internet, Plaintiff relies exclusively on screen-reading software, including NonVisual Desktop Access ("NVDA"), magnification tools, and keyboard-based navigation.

24.    Plaintiff attempted to use Defendants' consumer-facing websites, www.daveskillerbread.com and www.simplemills.com, from his home in New York County, New York, on three separate occasions: November 3, 2025; November 4, 2025; and December 10, 2025. Each attempt was made on his personal computer with NVDA enabled, for the purpose of researching specific baked goods, snack products, and pantry items and completing purchases for himself and his family.

25.    On November 3, 2025, Plaintiff visited www.daveskillerbread.com to obtain

8

product information and locate nearby retailers for several items he regularly purchases, including 21 Whole Grains & Seeds, White Bread Done Right, and Powerseed. NVDA announced product images only as "graphic" or by reading the image file name (e.g., "WBDR-TS-uncropped-web-rotated.jpg"), providing no meaningful description. Plaintiff could not confirm ingredients, nutritional content, loaf size, or whether the products met his dietary needs. Counsel's SortSite Accessibility Validation Report for DavesKillerBread.com corroborates these barriers, identifying missing alternative text across 296 pages, inaccessible images, incorrect MIME types, duplicate IDs, and broken ARIA attributes. Without descriptive alt text or accessible product information, Plaintiff was unable to verify that the items were suitable for purchase and was forced to abandon the process.

26.    On November 4, 2025, Plaintiff returned to www.daveskillerbread.com to review additional products, including Killer Classic Muffins, Boomin' Berry Bagels, and DKB Protein Bars. NVDA skipped headings, failed to announce product descriptions, and was unable to read nutritional tables or ingredient lists due to improper HTML structure. SortSite reports document broken ARIA references, empty headings, inaccessible links, and improperly nested markup across DKB product templates. These defects prevented Plaintiff from learning critical product details—including allergens, serving sizes, and nutritional values—which were decisive factors in his intent to purchase.

27.    On December 10, 2025, Plaintiff visited www.simplemills.com to purchase several pantry items he regularly buys for himself and his family, including Fine Ground Sea Salt Almond Flour Crackers, Honey Cinnamon Sweet Thins, Chocolate Brownie Soft-Baked Bars, and Pancake & Waffle Mix..  NVDA output was repeatedly interrupted by autoplaying videos, unlabeled

interactive elements, and navigation loops. SortSite's Accessibility Validation Report for SimpleMills.com identifies autoplay media without pause controls, missing alt text, duplicate IDs, inaccessible form fields, broken links, and improper ARIA roles across 233 pages. Plaintiff was unable to confirm ingredients, allergen information, product variations, or nutritional content, forcing him to abandon the purchase.

28.    Across all three visits, when attempting to navigate to checkout or store locator functions, Plaintiff encountered unlabeled form fields announced only as "edit box," inaccessible buttons, and broken links. SortSite reports flagged these same fields as unlabeled and confirmed ARIA role errors across the checkout and locator workflows. These barriers directly prevented Plaintiff from completing transactions despite his clear intent and ability to pay.

29.    Plaintiff's attempted purchases were necessary and purposeful. He sought Dave's Killer Bread products because they are staples in his household and align with his dietary needs. He sought Simple Mills products because they offer gluten-free, clean-ingredient snacks and baking mixes that he purchases regularly for himself and his family. For a blind individual, reliable access to product information—including ingredients, allergens, and nutritional content—is essential to health, safety, and independence.

30.    Plaintiff specifically chose www.daveskillerbread.com and www.simplemills.com because they offer the full catalog of authentic Flowers Foods products, including detailed product information, nutritional data, and store locator tools not reliably available through third-party retailers. Purchasing directly from Defendants' Websites ensures access to accurate specifications and up-to-date product information that Plaintiff cannot obtain independently in physical stores.

31.    Plaintiff's counsel conducted independent testing of Defendants' Websites using

PowerMapper's SortSite program on multiple dates, including January 19, 2026. The scans produced detailed reports documenting systemic WCAG 2.1/Section 508 failures across both Websites, including:

- **DavesKillerBread.com:** • 296 pages with accessibility problems • Missing alt text, incorrect MIME types, broken links, duplicate IDs, inaccessible forms, and server errors • Hundreds of pages with W3C standards violations

- **SimpleMills.com:** • 233 pages with accessibility problems • Missing alt text, empty headings, duplicate IDs, improper HTML structure, inaccessible links, and broken Facebook integrations • 237 pages with broken links

32.    These SortSite reports corroborate Plaintiff's lived experience: DKB product pages lacked alt text and contained broken ARIA references; Simple Mills product pages were disrupted by autoplay media and improper HTML structure; and both Websites' checkout and locator workflows contained unlabeled form fields and broken links. Plaintiff's inability to complete purchases was directly caused by these barriers.

33.    Blind consumers like Mr. Williams face significant challenges when attempting to shop in physical retail environments. Because of his Best Disease and severely limited central visual acuity, Mr. Williams cannot independently identify products on shelves, read packaging, compare variations, or verify critical information such as ingredients, allergens, or nutritional content. In-store navigation itself poses risks: crowded aisles, unexpected obstacles, and poor lighting conditions increase the likelihood of injury. To shop in person, Mr. Williams must rely on others to guide him, locate products, describe packaging, and read labels—assistance that is not always available, reliable, or dignified. These barriers make in-person shopping burdensome,

unsafe, and fundamentally unequal compared to the experience of sighted consumers.

34.    For blind individuals, accessible websites are not a convenience—they are the primary and often the only safe and independent method of obtaining essential groceries, snacks, and pantry items. Accessible websites allow blind consumers to privately review product information, compare options, confirm ingredients, and complete purchases without relying on strangers or store personnel. When a website is inaccessible, blind users are effectively shut out of the modern marketplace and denied the independence, privacy, and autonomy that online shopping is intended to provide.

35.    Plaintiff    intends    to    return    to    www.daveskillerbread.com    and www.simplemills.com    within 30 days to complete these purchases once the Websites are accessible, and again in early 2026 to purchase additional bread, snack products, and baking mixes. His plan is definite and credible: he identified the specific products he will buy, previously attempted three times using NVDA from his New York residence, and counsel's SortSite audits confirm that the barriers remain. Plaintiff remains prepared to transact once accessibility is restored.

## CLASS ACTION ALLEGATIONS

36.    Plaintiff **EDWIN WILLIAMS**, on behalf of himself and all others similarly situated, seeks to certify a nationwide class under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals in the United States who have attempted to access Defendants' Websites, www.daveskillerbread.com and www.simplemills.com, and who as a result have been denied

equal access to the goods, services, information, and privileges offered during the relevant statutory period.

37.    Plaintiff, on behalf of himself and all others similarly situated, also seeks to certify a New York Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals residing in the City and State of New York who have attempted to access Defendants' Websites and who as a result have been denied equal access to the goods, services, information, and privileges offered during the relevant statutory period.

38.    Common questions of law and fact exist among the Class, including:

Whether Defendant's Websites qualifies as a "public accommodation" under Title III of the ADA;

Whether Defendant's Websites constitute "places or providers of public accommodation" under the NYCHRL;

Whether the Website's persistent accessibility barriers violate the ADA by denying blind users full and equal access to Defendant's products, services, and support;

Whether the same barriers violate the NYCHRL, NYCRL, and NYSHRL by excluding blind users from meaningful participation in both the digital and physical marketplace.

39.    Plaintiff's claims are typical of the claims of the Class. Like all Class Members, Plaintiff is legally blind, relies on screen-reading software to navigate digital interfaces, and alleges that Defendants violated the ADA, NYSHRL, NYCHRL, and NYCRL by failing to remove or remediate accessibility barriers on their Websites, thereby denying equal access to blind and visually impaired users.

40.    Plaintiff will fairly and adequately represent the interests of the Class. He has retained counsel experienced in disability rights and complex class action litigation. Plaintiff has

no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

41.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the Website's accessibility barriers and ensure equal access to its retail stores.

42.    Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over individual issues, and a class action is the most efficient and fair method for adjudicating these claims.

43.    Maintaining this action as a class proceeding will promote judicial economy by avoiding duplicative litigation and ensuring uniform relief for a class likely to include hundreds, if not thousands, of blind individuals who have attempted to use Defendant's Websites and faced exclusion.

**FIRST CAUSE OF ACTION**
**(Violations of the ADA, 42 U.S.C. § 12182 *et seq.*)**

44.    Plaintiff, EDWIN WILLIAMS, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

45.    Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

46.    Defendants' Websites, www.daveskillerbread.com and www.simplemills.com, are services offered to the general public and constitute services, privileges, and advantages of

Defendants' public-facing commercial operations. As such, they must be fully and equally accessible to all consumers, including blind and visually impaired individuals.

47.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

48.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

> [A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

49.    The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits his major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to Defendant's Websites, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to

15

remedy the discriminatory conduct as the violations are ongoing.

50.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

**SECOND CAUSE OF ACTION**
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

51.     Plaintiff, EDWIN WILLIAMS, on behalf of himself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

52.     N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

53.     Defendant is subject to NYCHRL because it owns and operates the Websites www.daveskillerbread.com and www.simplemills.com, making them as a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

54.     Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendant's Websites, causing them and the services integrated completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access

16

to the facilities, products, and services that Defendant makes available to the non-disabled public.

55.     Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide  a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

56.     Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

>   a.     constructed and maintained Defendant's Websites that is inaccessible to blind class members with knowledge of the discrimination; and/or
>
>   b.     constructed and maintained Websites that are sufficiently intuitive  and/or obvious that is inaccessible to blind class members; and/or
>
>   c.     failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

57.     Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

58.     As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Defendant's Websites under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these

unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

59.    Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

60.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

61.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

62.    Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
### (New York State Human Rights Law)
### ("NYSHRL")

63.    Plaintiff, EDWIN WILLIAMS, on behalf of himself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

64.    At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the Defendants.

65.    Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

66.    Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Websites, within the meaning of Article 15 of N.Y. Executive Law § 292(9).  Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

67.    Plaintiff has visited the Defendant's Websites on a number of occasions and has encountered barriers to his access that exist.

68.    Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

69.    Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

70.    Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating Defendant's websites that are inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to their Websites in order to make accessibility features of the sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Websites when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with

disabilities. This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

71.     The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

72.     Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

73.     Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2) and the discrimination continues to date.

74.     Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

75.     Plaintiff and the Subclass are therefore entitled to compensatory damages, civil

penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

**FOURTH CAUSE OF ACTION**
**(Violation of New York State Civil Rights)**
**("NYCRL")**

76.    Plaintiff, EDWIN WILLIAMS, on behalf of himself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

77.    Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Exhibit 1) (Notice to Attorney General)

78.    Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

79.    No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

80.    § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical,

mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

81.     Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

82.     Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

83.     Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

84.     Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id...*

85.     Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civil Law § 40 *et seq.*

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)

86.     Plaintiff, EDWIN WILLIAMS, on behalf of himself and the Class and New York

City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

87. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Websites contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

88. A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

    a.    A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

    b.    A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Websites fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Websites are readily accessible to and usable by blind individuals;

    c.    A declaration that Defendant owns, maintains and/or operates the Websites in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

    d.    An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

e.   Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law and the New York State Civil Rights Law;

f.   Pre-judgment and post-judgment interest;

g.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.   Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact

the Complaint raises.


Dated: New York, New York
        January 20, 2026


                              Respectfully submitted,

                              **JOSEPH & NORINSBERG, LLC**

                              _/s/ Robert Schonfeld_
                              Robert Schonfeld, Esq
                              _Attorneys for Plaintiff_
                              825 Third Avenue, Suite 2100
                              New York, New York 10022
                              Tel. No.: (212) 227-5700
                              Fax No.: (212) 656-1889
                              rschonfeld@employeejustice.com

24